IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


GERALD BRIAN VIGIL,

    Plaintiff,

v.                                                                    Civ. No. 21-28 GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.


## ORDER GRANTING REMAND

This matter comes before me pursuant to Plaintiff's Opposed Motion to Reverse and/or Remand (*doc. 26*) the Social Security Agency's ("SSA") decision to deny Plaintiff Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS the case to the Commissioner for further proceedings consistent with this opinion.

### I. PROCEDURAL HISTORY

Plaintiff filed initial protective applications for SSDI and SSI on September 26, 2018, alleging disability beginning May 1, 2014. Administrative Record ("AR") at 271, 274. Plaintiff's applications were denied on initial review on January 29, 2019, AR at 172, 181, and again on reconsideration on July 18, 2019, AR at 188, 194. On March 30,

1

2020, a hearing was held by an Administrative Law Judge ("ALJ"). AR at 37–88. The ALJ issued an unfavorable decision on July 6, 2020. AR at 18–36. Plaintiff sought review from the SSA's Appeals Council, which denied review on November 9, 2020, AR at 7–12, making the ALJ's denial the Commissioner's final decision, *see* 20 C.F.R. §§ 416.1481, 422.210(a).

On January 11, 2021, Plaintiff filed suit in this Court, seeking review and reversal of the ALJ's decision. *Doc. 1*. On January 14, 2022, Plaintiff filed the instant Motion. *See doc. 26*. Defendant responded on April 14, 2022. *See doc. 30*. Briefing on Plaintiff's Motion was complete on April 26, 2022, *see doc. 32*, with the filing of Plaintiff's reply, *see doc. 31*.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.2d at 800 (internal quotations omitted). "The record must demonstrate that

the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## III.   ALJ EVALUATION

### A.  LEGAL STANDARD

For purposes of both SSDI and SSI, an individual is disabled when he or she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520.[1] If the Commissioner finds that an individual is disabled at any step, the next step is not taken. *Id*. § 404.1520(a)(4).

---

[1] Plaintiff has applied for both SSDI and SSI benefits. The five-step test for determining disability and other relevant regulations are the same for both benefits, although the test is codified in two separate sections of the Code of Federal Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920. Part 404 of Title 20 of the Code of Federal Regulations governs SSDI, while Part 416 governs SSI. In the interests of efficiency and judicial economy, the Court only cites to applicable regulations in Part 404 of Title 20 of the Code of Federal Regulations in this Order, but the analogous regulations in Part 416 also apply.

3

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id.* § 404.1520(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ "determine[s] the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Id.* (quoting Social Security Ruling ("SSR") 82–62, 1982 WL 31386, at *3 (Jan. 1, 1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof

4

shifts to the Commissioner to show that the claimant can perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

    B.  THE ALJ'S DECISION

On July 6, 2020, the ALJ issued a decision denying Plaintiff's applications for SSDI and SSI. AR at 18. In denying the application, the ALJ applied the five-step sequential analysis. AR at 22. At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity from 2014 to 2018 but did not find that Plaintiff was engaged in substantial gainful activity thereafter. AR at 23. At step two, he found that Plaintiff "has the following severe impairments: Vascular insult to the brain, Depression, PTSD, and Anxiety." AR at 24. The ALJ also found that Plaintiff has non-severe impairments in the form of Hypertension, Hepatitis, and Substance Addiction/Alcoholism. *Id.*

At step three, the ALJ found that Plaintiff's severe impairments—both individually and in combination—did not meet or medically equal the severity of Listing 11.04 (vascular insult to the brain), Listing 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.15 (trauma- or stressor-related disorders), or any other impairments in the Listings. AR at 24–25. When assessing whether Plaintiff's mental impairments met the Paragraph B criteria for mental disorder Listings, the ALJ found that Plaintiff has moderate limitations in four areas: understanding, remembering, or applying information; interacting with others;

concentrating, persisting, or maintaining pace; and adapting or managing himself. AR at 24–25.

At step four, the ALJ concluded that Plaintiff has the RFC to return to his past employment as a floor waxer and thus is not disabled. *See* AR at 27. According to the ALJ, Plaintiff has the RFC to perform medium work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c), subject to several limitations. *See* AR at 25. Physically, the ALJ found that Plaintiff can perform work limited to a medium exertional capacity, with no additional physical limitations. *See id.* Mentally, the ALJ found that Plaintiff can understand, remember, and carry out simple repetitive tasks; have occasional interaction with supervisors and coworkers; have no interaction with the general public; and can respond appropriately to changes in a routine work setting which are gradually introduced and infrequent. *Id.* In formulating this RFC, the ALJ did not discuss or account for any alleged gastric symptoms or impairments. *See* AR at 25–27.

Although the ALJ's finding of non-disability at step four was sufficient grounds to end his inquiry under the five-step test, the ALJ made alternative step five findings to support his decision that Plaintiff was not disabled. *See* AR at 27–28. The ALJ considered Plaintiff's age, education, work experience, and RFC and determined that Plaintiff can perform jobs that exist in significant numbers in the national economy. AR at 28. Specifically, the ALJ found that Plaintiff can perform the requirements of three representative unskilled occupations involving medium work: (1) laundry worker I

6

(Dictionary of Occupational Tables ("DOT") 361.684-014, 103,000 jobs nationally); (2) hand packager (DOT 920.587-018, 169,000 jobs nationally); and (3) industrial sweeper cleaner (DOT 389.683-010, 137,000 jobs nationally). *Id.* Accordingly, the ALJ concluded that Plaintiff was not disabled (as the Social Security Act defines the term) from May 1, 2014, through the date of his decision. AR at 29.

## IV. PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in five ways. First, Plaintiff argues that the ALJ failed to meaningfully articulate a rationale for only partially adopting the opinion of Dr. Lacourt, a consultative examiner who opined on Plaintiff's mental limitations. *Doc. 26* at 19-21. Second, Plaintiff argues that the ALJ did not meaningfully consider all evidence presented to him when he assessed Plaintiff's alleged symptoms. *Id.* at 21-22. Third, Plaintiff argues that the ALJ did not properly assess Plaintiff's alcoholism while formulating his RFC. *Id.* at 22. Fourth, Plaintiff argues that the ALJ erred by failing to give any consideration to Plaintiff's gastric condition and symptoms as an additional impairment. *Id.* at 22-23. Fifth and finally, Plaintiff argues that the ALJ did not consider Plaintiff's reasons for medication non-compliance and that this was reversible error. *Id.* at 23.

Defendant disputes each of Plaintiff's arguments. First, Defendant contests Plaintiff's second and fifth arguments by asserting that the ALJ's RFC was supported by substantial evidence, which would preclude reversal on the grounds that the ALJ did

7

not meaningfully assess Plaintiff's symptoms or that the ALJ did not consider Plaintiff's reasons for medication non-compliance. *See doc. 30* at 6–10. Defendant contests Plaintiff's first argument on the grounds that the ALJ evaluated Dr. Lacourt's opinions for supportability and consistency, as required by 20 C.F.R. § 404.1520c(b), and thus met the minimum standard for articulating the persuasiveness of medical opinions. *Doc. 30* at 10–11. In response to Plaintiff's third argument, Defendant asserts that any error the ALJ made in assessing the severity of Plaintiff's alcoholism at step two was harmless and that the ALJ's later discussion about alcoholism in other steps, though brief at times, was sufficient. *Doc. 30* at 14–15. Finally, Defendant contests Plaintiff's fourth argument by asserting that Plaintiff did not provide any evidence suggesting a gastric impairment, thus the ALJ had no reason to consider it. *Doc. 30* at 15-16.

## V. ANALYSIS

Plaintiff's fourth argument is grounds for reversal and remand, so the Court does not reach the others. The ALJ failed to consider Plaintiff's alleged gastric impairments as required by 20 C.F.R. § 404.1520(a)(3). Because the ALJ did not account for Plaintiff's alleged gastric impairment in his RFC, and because a reasonable ALJ could have concluded that the alleged gastric impairments called for a more limited RFC, the Court cannot find that this error was harmless.

### A. THE ALJ'S FAILURE TO CONSIDER PLAINTIFF'S ALLEGED GASTRIC CONDITION WAS ERROR

As discussed above, the claimant bears the burden to prove that he has impairments and that he is disabled. *See* 20 C.F.R. § 404.1512(a)(1). The claimant's burden to prove the existence of an impairment is *de minimis*, though the claimant must show more than the mere existence of a medical condition. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). Additionally, an impairment must satisfy the "duration requirement" to be considered, meaning the impairment must be expected to result in death, have lasted for twelve continuous months, or be expected to last for twelve continuous months. 20 C.F.R. § 404.1509. Meanwhile, the ALJ has a duty to consider all evidence in the record when making his determination whether the claimant is disabled. *Id.* § 404.1520(a)(3). This duty does not require the ALJ to mention every piece of evidence produced, but merely requires that a reviewing court be able to follow the ALJ's reasoning. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). An ALJ's boilerplate assertion that he considered all the evidence, on its own, does not satisfy the ALJ's duty to consider all evidence and is not sufficient grounds to affirm. *Avila v. Barnhart*, 356 F. Supp. 2d 1244, 1251 (D.N.M. 2004).

The Court is unable to determine that the ALJ considered evidence of Plaintiff's alleged gastric impairments. The ALJ did not discuss Plaintiff's gastric symptoms in his decision. *See* AR at 22-30. Instead, the ALJ listed "Vascular insult to the brain, Depression, PTSD, and Anxiety" as Plaintiff's severe impairments and "Hypertension, Hepatitis, and Substance Addiction/Alcoholism" as non-severe impairments. AR at 24.

9

The remainder of the decision discusses only these impairments and evidence related to them. *See generally* AR at 22–29.

Plaintiff, however, produced medical records containing subjective and objective evidence of his alleged gastric impairment. Between March and November of 2019, Plaintiff presented at the hospital six times with various gastric symptoms.[2] Documented symptoms include abdominal pain, *see* AR at 710, 787, 894, 954, diarrhea, *see* AR at 807, 869–70, urinary incontinence, *see* AR at 710, 954, five to seven bowel movements a day, *see* AR at 807, 870, bleeding and blood in stool, *see* AR at 870, heartburn, *see* AR at 869–70, belching, *see* AR at 869, and rectal pain associated with bowel movements, *see* AR at 870, 946. Records from October 1, 2019, indicate that Plaintiff's symptoms were chronic issues lasting over a year. AR at 869–70. The record further indicates that Plaintiff continued to experience abdominal pain even after he reported he had stopped drinking.[3] AR at 894.

---

[2] Plaintiff presented at Presbyterian Hospital with gastric symptoms on the following dates in 2019: March 4, March 25, May 14, August 13, October 1, and November 3. *See* AR at 710, 765, 787, 807, 943–54, 869, 894.

[3] Defendant argues that Plaintiff testified during his oral hearing before the ALJ that Plaintiff's gastric issues were resolved. *Doc. 30* at 16. It is not clear that Plaintiff claimed during the hearing that his alleged gastric issues were resolved. At the hearing, the ALJ asked whether Plaintiff was "feeling better" since Plaintiff stopped drinking. AR at 60. Plaintiff responded that his "stomach feels better[.]" *Id.* The ALJ then asked whether Plaintiff was "having stomach problems[.]" *Id.* Plaintiff responded "yeah" and that he "went in for that." *Id.* The conversation then shifted to Plaintiff's detox program. *Id.* This exchange, in the middle of a broader discussion about Plaintiff's alcohol consumption, was the only instance in which the ALJ and Plaintiff discussed Plaintiff's alleged gastric issues during the hearing. The Court cannot infer that Plaintiff's statement that his stomach felt better was testimony that all of Plaintiff's alleged gastric symptoms were resolved.

Plaintiff's evidence satisfies his *de minimis* burden to show the existence of an impairment, such that the ALJ was required to consider it.  While it is not the place of the Court to make the ultimate determination about whether Plaintiff has a gastric impairment, the Court may determine whether Plaintiff produced enough evidence to trigger the ALJ's duty to consider whether Plaintiff had such an impairment.  C*f. Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (ordering remand based on the ALJ's duty to develop the record regarding the claimant's claims of disabling hypertension and chest pain where she "[had] presented sufficient medical evidence to warrant further investigation of her physical condition as it relate[d] to [those potential impairments]").  Here, Plaintiff's medical records suggest not only the existence of a medical condition, but also symptoms, such as pain and frequent diarrhea, which could impair Plaintiff's ability to work.  The October 1, 2019, records characterizing three of Plaintiff's symptoms as chronic could have, if they had been considered, satisfied the twelve-month duration requirement.  *See* AR at 869–70.  Therefore, the detail and frequency of the references to Plaintiff's gastric symptoms in his medical records suggest a reasonable probability of impairment that the ALJ should have investigated.  Although the ALJ is not required to discuss every piece of evidence in the record, the ALJ's total omission of any mention of Plaintiff's gastric symptoms indicates that the ALJ did not consider them when determining whether Plaintiff is disabled.  This was error.

Defendant accurately asserts that Plaintiff did not mention his alleged gastric condition in his applications for benefits. *See Doc. 30* at 15; AR at 307. But that fact alone does not absolve the ALJ of his responsibility to consider Plaintiff's gastric symptoms in making his disability determination. SSA regulations require claimants "to prove to [the SSA] that [they] are . . . disabled" by "inform[ing] [the SSA] about or submit[ting] all evidence known to [them] that relates to whether or not [they] are . . . disabled." 20 C.F.R. § 404.1512(a)(1). The ALJ is then required to "consider only impairment(s) [claimants] say [they] have *or about which [the SSA] receive[s] evidence.*" *Id.* (emphasis added).[4] Therefore, the regulations do not restrict an ALJ's review to evidence of impairments explicitly alleged by the claimant in his application. Rather, they require an ALJ to inspect all the evidence submitted and make determinations about whether the evidenced medical conditions may impair the claimant's ability to work and cause him to be disabled. *See id.* at § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled"); *id.* § 404.1520b (detailing how the ALJ will consider evidence). This interpretation of the regulations is consistent with the non-adversarial nature of SSA proceedings on a claimant's application for benefits. *See* 20 C.F.R. § 404.900(b) (stating

---

[4] The ALJ's duty to consider all evidence is reiterated throughout Part 404. *See, e.g.* 20 C.F.R. § 404.1529(c) ("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence from your medical sources and nonmedical sources about how your symptoms affect you"); *id.* at § 404.1545(a)(3) ("We will assess your residual functional capacity based on all the relevant medical and other evidence"). None of these regulations indicate that claimants' impairments will not be considered if those impairments are not explicitly mentioned in an application.

that "we conduct the administrative review process in an informal, non-adversarial manner"); *see also Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (holding against waiver stemmed from the "inquisitorial" nature of SSA proceedings due to "the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits"). *Id.* at 110–11 (citing *Richardson v. Perales*, 402 U.S. 389, 400–01 (1971)).

Of course, if Plaintiff's submissions had included only brief and minor references to his gastric issues, it would not be reasonable to place this duty on the ALJ. *See, e.g., Villalobos v. Colvin*, 544 F. App'x 793, 796 (10th Cir. 2013). But, in this case, the medical records produced by Plaintiff repeatedly reflected this medical problem and its possible severity. Consequently, the ALJ then had a duty to investigate those facts and determine whether it constituted a relevant impairment. His failure to do so was error.

### B. THE ALJ'S ERROR WAS NOT HARMLESS

A failure to discuss Plaintiff's alleged gastric impairment was not harmless because a reasonable administrative factfinder following the correct analysis and considering Plaintiff's alleged gastric impairment could have reached a more limited RFC.

An ALJ's error is harmless when, based on the material the ALJ considered, the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (quoting *Allen v. Barnhart*, 357 F.3d

13

1140, 1145 (10th Cir. 2004)). Here, as discussed above, Plaintiff provided evidence to support the existence of a gastric impairment with symptoms including frequent bowel movements, diarrhea, and abdominal and rectal pain. *See supra* p. 10. Pain and frequent restroom use have been found to be grounds for limiting a claimant's RFC in numerous cases. *See, e.g. Gumm v. Apfel*, 17 F. Supp. 2d 1213, 1220 (D. Kan. 1998) (holding that an ALJ lacked substantial evidence to find that plaintiff was not disabled by a combination of impairments which included pain and gastric problems); *Cole v. Astrue*, No. CIV-10-293-FHS, 2012 WL 1057528, at *3–4 (E.D. Okla. Mar. 14, 2012) (holding that an ALJ failed to account for evidence of the plaintiff's frequent and unpredictable diarrhea and ordering the SSA to adjust plaintiff's RFC accordingly on remand); *Shewmake v. Colvin*, No. 15 C 6734, 2016 WL 6948380, at *12 (N.D. Ill. Nov. 28, 2016) (holding that ALJ's RFC, which did not include limitations quantifying how often plaintiff would need to use restroom during a workday despite objective and subjective evidence that plaintiff experienced frequent and urgent bouts of diarrhea, was not supported by substantial evidence); *Ledesma v. Berryhill*, SACV 16-882-AGR, 2017 WL 2347181, at *5 (C.D. Cal. May 30, 2017) (holding that an ALJ erred by failing to account for plaintiff's "unexpected episodes of diarrhea and bowel urgency" in his RFC and remanding for the ALJ to consider the frequency and duration of restroom breaks needed by the plaintiff).

The ALJ's RFC did not account for Plaintiff's alleged pain or need to frequently use the restroom.  *See* AR at 25.  The application of a more limited RFC to accommodate these limitations could have changed the ALJ's decision at step four by precluding Plaintiff's previous work as a floor waxer.  Because a reasonable ALJ could have reached a more limited RFC and thus a different result at step four, the error at that stage cannot be found harmless.  Moreover, the ALJ's alternative step five analysis does not remedy the error because the ALJ applied the same RFC at that step as he did at step four.  *See* AR at 27.  Without testimony from a vocational expert based on a more limited RFC, the Court cannot determine whether other work may exist in significant numbers in the national economy that Plaintiff may be able to perform.  These errors require remand.

## VI.   CONCLUSION

For the foregoing reasons, the Court finds that the ALJ committed reversible error.  Therefore, the Court GRANTS Plaintiff's Motion to Reverse and/or Remand Agency Decision (*doc. 26*), REVERSES the Commissioner's decision, and REMANDS the case for further proceedings not inconsistent with these findings.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**